No. 309805

## MARSHALL G. SMITH
### v.
## NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

(September 14, 1954)

*Roberts, J.* This is an action of tort to recover damages caused to the plaintiff's motor vehicle as a result of a collision with a freight car, or cars, in Yard No. 6 of the defendant corporation, which is known as the Boston Market Terminal. The declaration alleges that the plaintiff's car was parked near the tracks of the defendant and that the damage resulted from the defendant's negligence. The answer pleads a general denial and contributory negligence.

*There was evidence* from the plaintiff that he was employed by the City of Boston as a Food and Produce Inspector and that he was familiar with the yards and had worked there for some four years. As an inspector it was his custom to be present at the terminal every day between 5:30 a.m. to about 3:30 p.m. and to inspect the contents of certain freight cars as requested. His evidence was that there were three tracks in this area being numbered 10, 11, and 12, and that the space between these tracks was

paved, and used by trucks to back up to the side of freight cars and unload produce.

The plaintiff and his witnesses testified that they had never seen cars switched on these tracks during the daytime before 5:00 p.m.

About 11:45 a.m. on March 21, 1950, the plaintiff entered the yard and parked his Pontiac sedan across track No. 11. He testified that at this time there was a truck parked across this same track about four or five feet to his left; that there was a bumper post a few feet away from the right side of his motor vehicle; and that he had parked his motor vehicle across this track before but this testimony was in conflict with his signed statement given to the defendant (Exhibit 1).

In this statement he admitted that track No. 11 was a "working track" used for unloading and that there were a number of freight cars on track eleven at the time he parked, the nearest of which was but six feet from the side of the truck parked to his left.

A statement was introduced by the defendant signed by the plaintiff's witness Ventullo (Exhibit 2) in which it could be found that the plaintiff's motor vehicle was parked before the arrival of his truck and that Ventullo, the truck driver, who was familiar with the yard, knew that track eleven was a "live track" and that the defendant did not "usually switch" cars on this track in the middle of the day.

A few minutes after parking the plaintiff was informed that the freight cars had been pushed into the truck and his automobile, and upon returning he found his vehicle between the side of the truck and the track bumper post.

None of the witnesses saw the accident occur and aside from the signed statements (Exhibits 1 and 2) the defendant offered no evidence. At the close of the evidence the plaintiff filed several requests for rulings, which were acted upon by the trial judge who made the following finds of fact:

> "Irrespective of rulings made I find on the facts that in parking his car between bumper post and the freight train the plaintiff placed his car in a place of danger and was contributorily negligent."

and found for the defendant.

The plaintiff admits in both argument and brief that a finding is not a proper subject of a report, *James B. Rendle Co. v. Conley & Daggett, Inc.,* 313 Mass. 712; *Perry v. Hanover,* 314 Mass. 167, 169 but contends that the court should have ruled as a matter of law that the proximate cause of the accident was the negligence of the defendant.

The plaintiff's sole argument stated in his own terms is that "the mere fact the plaintiff left his automobile temporarily on the track was a condition and not a cause of the accident and the finding for the defendant based upon a special finding of contributory negligence was error."

If we assume that the denial of the plaintiff's fourth request adequately raises this question we cannot agree with the plaintiff's argument and the case cited by him, *Janusis v. Long,* 284 Mass. 403 has no application to the facts of this case.

In our opinion, while such a finding was not required, the court was fully warranted in finding that the plaintiff's own conduct in parking his motor vehicle across a live railroad track in close proximity to freight cars was an act of negligence contributing to his damage. *Soutier v. Kaplow,* 1953 A.S. 729.

Finally, the general finding for the defendant in this case is conclusive on the right of the parties. The burden was upon the plaintiff to prove that his presence upon the premises of the defendant as an inspector was something more than that of a mere licensee, *Carroll v. Hemenway,* 315 Mass. 45. If it could be found that he was an invitee, it might be found that such invitation did not include parking his motor vehicle across the defendant's tracks, *Belliveau v. New York Central Railroad,* 321 Mass. 728.

Nor was the court required to find that the plaintiff had sustained his burden of proving his damage was

caused by the defendant's negligence. *Castano v. Leone,* 278 Mass. 429, 431. For that matter no one saw the accident occur and it is certain that the court was not compelled under these circumstances to draw an inference of negligence from its occurence. *Roscigno v. Colonial Beacon Oil Co.,* 294 Mass. 234; *Fibre Leather Mfg. Co. v. Ramsay Mills,* 329 Mass. 575.

*Report Dismissed.*

Henry Lawlor, Max S. Ficksman, for the plaintiff.
William J. Noonan, for the defendant.