*Municipal Court of the City of Boston*
No. 194933.
## PILGRIM SAND AND GRAVEL INC.
### v.
## THE AETNA CASUALTY AND SURETY CO.

Argued: Apr. 25, 1969    Decided: May 7, 1969

*Present:* Adlow, C.J., Lewiton, Martin, Sp. J.J.
Case tried to *Gorrassi, Sp. J.* in the Municipal Court of the City of Boston No. 194933.
*Adlow, C. J.* In this consolidated report six

companies seek payment for truck rentals and materials furnished against a surety company which had furnished a bond to protect a contractor against claims which might be brought against one of its subcontractors.

Early in April 1967, Consalvo Corporation (Consalvo) and Pilgrim Sand and Gravel, Inc. (Pilgrim) negotiated a subcontract as joint venturers for site work and excavation in Somerville with Clarendon Associates (Clarendon). Part of the arrangement embraced a provision that the joint venturers (Consalvo and Pilgrim) furnish a surety bond to protect Clarendon from any claims which might be brought against it. Pursuant to this arrangement Consalvo and Pilgrim applied to the Aetna Casualty Company (Aetna) for a surety bond. Aetna rejected the application for the express reason that it would not underwrite any undertaking where Pilgrim was a party to a subcontract.

Notwithstanding the rejection, Pilgrim and Consalvo signed an agreement as joint venturers on June 5, 1967 with Clarendon. On the same day Consalvo, representing in writing that it was the sole subcontractor, applied to Aetna for a bond and such bond was issued naming Consalvo as Principal and Clarendon as Obligee.

Thereafter, Consalvo and Pilgrim continued as joint venturers under the subcontract, although the surety company was unaware of

the role of Pilgrim in the undertaking. Upon learning that Aetna had refused to accept Pilgrim as a risk, Clarendon insisted that Pilgrim withdraw from the undertaking. To satisfy Clarendon, Pilgrim released Consalvo from all claims and demands on August 9, 1967, and on August 15, 1967 Pilgrim agreed with Clarendon not to claim or file mechanics' or other liens against the property involved in the subcontract, and in addition Pilgrim gave Clarendon a general release of all claims and demands.

Despite all the evidences provided by Pilgrim and Consalvo to Clarendon with respect to the withdrawal of Pilgrim from the project, Consalvo, during August of 1967, assigned to Pilgrim one-half of all the money due or to become due to it from Clarendon for work done and materials furnished under the subcontract, and agreed with Pilgrim to an equal sharing of the profits from the transaction. Actually Pilgrim and Consalvo continued as joint venturers on the job until Consalvo was defaulted by Clarendon on October 20, 1967.

Pertinent to the issues raised by this report are the following provisions in the bond issued by Aetna to Consalvo:

"Now, therefore, the condition of this obligation is such that if the principal shall promptly make payment to all claimants as hereinafter defined for all labor and material used or reasonably required for use in the performance of the subcontract then this obligation shall be void; otherwise it shall remain in full force and

effect, subject however to the following conditions:

(1) A claimant is defined as one having a direct contract with the principal for labor, material, or both, used or reasonably required for use in the performance of the contract —".

In these actions, and on the basis of the above facts, Pilgrim seeks to recover as a supplier to Consalvo the amount of $4,562.78: Robert Desmarais Construction Inc. the amount of $4,-877.50: De Gaetano Brothers, Inc. the sum of $12,381.00: Robert DeFalco the sum of $470.34; and Marois Brothers, Inc. the sum of $11,329.50. None of the contractors listed except Pilgrim had any direct dealings with Consalvo. All were hired by Pilgrim and billed for their services.

At the close of the evidence, the plaintiffs filed requests for rulings which, in substance, were based on the assumed facts that the sole principal in the undertaking for which Aetna stood surety was Consalvo, and that Consalvo was obligated to pay Pilgrim for the use of equipment on this job. Actually, the evidence tended strongly to refute any such obligation from Consalvo to Pilgrim, and to indicate that the use of such equipment was furnished by Pilgrim as its contribution to the joint venture carried on, as the judge found, by Consalvo and Pilgrim. The court, having expressly found that Consalvo and Pilgrim were joint venturers, denied the requested rulings as being inapplicable to the facts found, and made findings for

the defendant. There was no error in the court's denial of the requested rulings.

From the very beginning of this undertaking Pilgrim and Consalvo operated as participants in a joint venture. When Aetna refused to issue a bond to cover a situation where Pilgrim was a principal, both Consalvo and Pilgrim resorted to subterfuge and circumvention to qualify for the subcontract with Clarendon. The bond issued by Aetna to Consalvo afforded no protection to Pilgrim or to people dealing with Pilgrim because Pilgrim, as found by the court, continued throughout the life of the contract to be principal. Despite the releases and agreements exchanged between Pilgrim and Consalvo and Clarendon, the written agreements thereafter executed between Pilgrim and Consalvo secured Pilgrim's interest in one-half the money due and payable to Consalvo and to one-half the profits. Despite all the expedients enlisted to delude Clarendon, the obligee on the bond, the joint venture continued up to the time of termination of the work on the contract.

We have been urged by counsel for the plaintiffs that Pilgrim had no control of the operation. We do not agree. The number of claimants who base their claims on direct dealings with Pilgrim is sufficient to indicate that Pilgrim exercised a considerable control over the operation. The law is none too clear as to just how much control one must exercise to qualify as a joint venturer. Such a joint venture has been found to exist under circumstances less im-

pressive or compelling than those found in this report. *Kleinschmidt* v. *U. S.*, 146 Fed. Supp. 253, 256. It is very apparent from the reported facts that the project of Pilgrim and Consalvo started as a joint venture, continued as such, and ended as such. Despite the refusal of Aetna to deal with Pilgrim as a principal, Pilgrim continued in its role as such, resorting to misleading and evasive devices to delude Clarendon, the obligee on the bond. It is obvious that there was an intention from the beginning to the end of the transaction that Pilgrim and Consalvo should share equally in the transaction. They were both principals. *Cardullo* v. *Landau,* 329 Mass. 5, 8.

In view of the above considerations the order must be: "Report Dismissed." **Report dismissed.**

MARVIN H. MARGOLIES
  of Boston for the Plaintiffs.
EDWARD O. PROCTOR
  of Boston for the Defendant.