FRANKLIN RODERICK *vs.* GEORGE CARVALHO & another (and a companion case). June 9, 1981. This is an appeal by the Carvalhos from a judgment, in an action brought by Roderick, entered after the adoption of a master's report, which established the common boundary of the properties of Roderick and the Carvalhos and further ordered the removal of a portion of blacktopped driveway which was determined to encroach on Roderick's land. The Carvalhos, apparently in response to Roderick's action, brought one of their own, which was similarly grounded on the location of the boundary line. They have also appealed from the judgment dismissing that action.

The Carvalhos request us not to apply "the traditional rule in this Commonwealth that an appellate court will not consider exhibits neither referred to by the master nor appended to his report." See *Jones* v. *Gingras*, 3 Mass. App. Ct. 393, 395 (1975). We decline to accept any such invitation. See *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975). There was no error or abuse of discretion in the denials of the Carvalhos' motions to order the master to incorporate all of the exhibits by reference. See *Peters* v. *Wallach, supra; Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 183-190 (1976). Contrast *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 456-459 (1980), which does not aid the Carvalhos as the master's findings in the present case are sufficient for us "to address adequately the dispositive legal questions." *Id.* at 457. We have considered the master's report as supplemented together with those exhibits referred to by him and are of the opinion that none of the master's subsidiary findings are "mutually inconsistent, contradictory, plainly wrong or vitiated in view of the controlling law." *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975).

The remaining arguments of the Carvalhos merely address matters not contained in portions of the record properly before us, *Glynn* v. *Gloucester, supra* at 458 n.5, and which cannot be considered by us. It suffices to say that the actions of the Superior Court judges in this case cannot be faulted.

About five months after the judgments were entered in this case, the Carvalhos filed a paper entitled "Appellants' request for the inclusion of a statement of the evidence where no transcript is available, under the provisions of Rule 8(c) of the Mass. Rules of Appellate Procedure." This was "allowed" by a judge sitting in the Superior Court by designation who had no earlier contact with the case. We hold that Mass.R.A.P. 8(c), 365 Mass. 850 (1974), does not apply to matters referred to masters. The whole notion that rule 8(c) might apply is inconsistent with the usual orders of reference to a master under Rule 49(2) of the Superior Court (as amended through May 8, 1976) and with so much of rule 49(7) and (8) as spells out the procedure for, and the limitations on, bringing the evidence before a master into court. See Mass.R.Civ.P. 53(c), (e) (2) and (3), 365 Mass. 818, 820 (1974) and 53(e)(1), as amended, 367 Mass. 917 (1975). The request was improperly allowed, and we have not considered the statement which was tendered by the Carvalhos with their motion and which, in any event, was never approved by any judge.

*Judgments affirmed.*

*Nathan Richman* for George Carvalho & another.

*Francis M. O'Boy,* for Franklin Roderick & another, submitted a brief.