MALCOLM M. BEERS vs. GEORGE TISDALE & others.[1]

No. 90-P-23.

Middlesex. April 17, 1992. - November 23, 1992.

Present: ARMSTRONG, SMITH, & IRELAND, JJ.

*Corporation*, Stockholder, Close corporation, Purchase by corporation of its own stock. *Fiduciary. Practice, Civil*, Attorney's fees.

In an action by a stockholder of a professional corporation seeking to recover from the other three stockholders the amount due him on retirement under a stock redemption agreement, the judge properly submitted to the jury the plaintiff's claim for breach of fiduciary duty, where, on the evidence, the jury could find that the plaintiff's stock had not been redeemed as of the date the other shareholders had voted to dissolve the corporation, and that he thus remained a stockholder to whom the defendants owed a duty of good faith and loyalty. [623-624]

Provisions in a stock redemption agreement permitting recovery of "costs and expenses of collection" applied only in the event a promissory note was issued by the corporation to redeem a stockholder's shares, and had no application to his claim against the other stockholders for breach of fiduciary duty. [624]

A stockholder of a closely held corporation was not entitled to recover his attorneys' fees as an element of damages on his claim against the other stockholders for breach of fiduciary duty. [624-625]

CIVIL ACTION commenced in the Superior Court Department on December 7, 1987.

The case was tried before *Joseph S. Mitchell, Jr.*, J.

*George R. Desmond* for the defendants.

*Donald R. Peck* for the plaintiff.

ARMSTRONG, J. In June, 1984, the plaintiff Beers joined with the three defendants, all public accountants, in forming a professional corporation, of which they were the sole shareholders, directors, and officers. They executed at the same time a stock redemption agreement, which provided that,

---

[1]David Picchi and Charles Hutchinson.

upon the retirement of any shareholder, "the Corporation shall redeem, and the [retiring shareholder] shall surrender for cancellation, all the stock of the Corporation owned by such person . . . at such time, against payment of the price calculated" pursuant to a complex formula set out in the agreement. Another part of the agreement provided that, concurrently with the retiring shareholder's delivery of his stock, the corporation was to redeem the stock by paying cash or by issuing a promissory note, payable, with interest, in ninety equal monthly installments. The agreement contemplated that the stock would be tendered and the redemption price paid by the sixtieth day after the retirement.

Beers fell ill in the spring of 1986 and in June of that year reached an oral agreement with the defendants that he would retire effective July 1. His salary would terminate, and, pending calculation of the redemption price for his stock, he would receive $2,500 per month to be credited against the calculated redemption price. There was evidence that the parties agreed to meet later, after they had calculated the redemption price, to execute the note or to pay the cash balance as called for by the terms of the redemption agreement.

In May, 1987, before meeting with Beers to comply with the redemption agreement, the defendants met among themselves and dissolved the corporation without providing notice to Beers. They apportioned among themselves the corporation's principal asset, its client list, after having rescinded a noncompetition agreement which would have prevented them from so doing. The defendants also ceased making payments to Beers.

Beers then brought this action against the corporation and the present defendants, the latter for breach of contract and breach of fiduciary duty. A jury, by answers to special questions, found against the defendants on both theories, assessing damages of $216,605, derived from the redemption price called for by the agreement, stipulated to be $244,105, less $27,500, the total of the monthly payments to Beers prior to dissolution of the corporation.

1. The three defendants, who have declared in bankruptcy and will be discharged from liability under the contract claim, question in their appeal only the verdict on the count alleging breach of fiduciary duty, which, under 11 U.S.C. § 523(a)(4) (1988), would be excepted from the discharge. Beers, they argue, was a simple creditor of the corporation at the time of the dissolution, not a fellow shareholder to whom they owed a fiduciary duty. See *Donahue* v. *Rodd Electrotype Co. of New England*, 367 Mass. 578, 593 (1975); *Wilkes* v. *Springside Nursing Home, Inc.*, 370 Mass. 842, 848 (1976).

The defendants compare this case to *Brigham* v. *M & J Corp.*, 352 Mass. 674 (1967). *Brigham* dealt with the obligation of an administrator of a deceased shareholder to surrender stock pursuant to the terms of a redemption agreement. The agreement in that case required the corporation to calculate the redemption price and pay it out in ten equal annual installments. The court ruled that the administrator, who sought to hold the stock as security, was obligated to deliver all the stock to the corporation upon payment of the first installment. The defendants argue that the agreement in the instant case similarly provides for "automatic redemption" of Beers' stock, and that therefore Beers ceased to be a shareholder when he retired and began receiving payments that would be counted against the redemption price.

This case is distinguishable. Although the agreement called for redemption by the sixtieth day after Beers' retirement, the agreement also provided that redemption would be effected by the concurrent surrender of the stock and the payment of the redemption price, either in cash or by a note payable in installments. This did not occur: the corporation was not prepared to effect a redemption because it had not done the successive periodic computations necessary to calculate the redemption price. (The calculation was made only after this action was commenced.) The $2,500 payments were not installments paid on a note as contemplated by the agreement but merely pro tanto compensation given until redemption should be accomplished. Because redemption had

not occurred by the dissolution date, the jury could properly find (if they were not required to find) that Beers remained a shareholder on the date of dissolution and that the defendants owed him the fiduciary duty of "utmost good faith and loyalty." *Cardullo* v. *Landau,* 329 Mass. 5, 8 (1952), quoted in *Wilkes* v. *Springside Nursing Home, Inc.,* 370 Mass. at 848. The defendants did not establish at trial that they had a "legitimate business purpose for [their] action[s]." *Id.* at 851. If the instructions and special questions put to the jury can be read as assuming the existence of a fiduciary duty, the defendants made no timely objection.

2. Beers appeals from so much of the judgment as awarded him only $2,050.18 for costs of collection, rather than the $49,648.50 he sought (representing disbursements of $2,898 and attorneys' fees of $46,750.50). Beers contends that he is entitled to the full costs of collection, including attorneys' fees, under the terms of the redemption agreement, but the provision he relies upon (§ 8[d], which provides for "costs and expenses of collection," without specifying attorneys' fees) applies by its terms only in the event that a note issued to redeem shares is accelerated by the holders as a result of a default. No note was ever issued or accelerated. The redemption agreement makes no provision for costs of collection in the event that did occur. The record discloses no basis for rewriting or supplementing the agreement's unambiguous terms. See *Sherman* v. *Employers' Liab. Assur. Corp.,* 343 Mass. 354, 356 (1961); *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20, 28 (1981).

We have also considered whether Beers might be awarded attorneys' fees as damages resulting from the breach of fiduciary duty. Beers cites no authority for such an award. Such authority as we have found arises in the context of stockholder derivative actions (see, e.g., *Sagalyn* v. *Meekins, Packard & Wheat Inc.,* 290 Mass. 434, 440-441 [1935]; *Wilson* v. *Jennings,* 344 Mass. 608, 621 [1962]; *Smith* v. *Atlantic Properties, Inc.,* 12 Mass. App. Ct. 201, 211 [1981]), where the plaintiff is not suing for his benefit directly but for the benefit of the corporation, and where, in any event, the

decisions emphasize that such an award rests in the sound discretion of the trial judge. Beers is not entitled, therefore, to an upward revision of the amount allowed for costs of collection. (The defendants do not complain of the amount that *was* allowed.)

*Judgment affirmed.*