GEORGE CLEMMER *vs.* JOHN CULLINANE & others.[1] No. 02-P-1031. October 5, 2004. *Conflict of Laws. Corporation,* Close corporation, Stockholder.

The plaintiff, George Clemmer, challenges the dismissal of his complaint against LiveData, Inc., a Delaware close corporation, and its three principal corporate actors, who together own fifty-five percent of LiveData's stock. Clemmer, a minority shareholder in LiveData, and one of its two founders, alleges in his complaint that the three individual defendants "initiated a course of conduct which resulted in the plaintiff being wrongfully frozen out of LiveData and the wrongful termination of Plaintiff's employment." This

---

[1]Jeffrey Robbins, David Mahoney, and LiveData, Inc.

concerted effort primarily consisted of actions taken against Clemmer as an employee, but also included his exclusion from "meaningful participation in the affairs of the corporation" and the failure to pay dividends. In count I, titled "Breach of Good Faith Freeze Out," Clemmer asserts that the defendants "breached their duty of good faith and fair dealings to the plaintiff and wrongfully froze the plaintiff out of his position as an employee of LiveData to the detriment and damage of the plaintiff." Clemmer concedes that count II, alleging wrongful termination, and counts III and IV, alleging, respectively, intentional and negligent infliction of emotional distress, were properly dismissed.

The parties agree that Delaware law applies to Clemmer's sole remaining claim. See *Harrison* v. *NetCentric Corp.*, 433 Mass. 465, 469-472 (2001). Focusing upon the language of count I regarding a freezeout of employment, the defendants argue that nothing more is at stake in this case than Clemmer's rights as an employee, a cause of action rejected by the Delaware courts. See *Riblet Prods. Corp.* v. *Nagy*, 683 A.2d 37, 39-40 (Del. 1996). In that case, however, there was, as the court emphasized, no claim of freezeout. The same was true of *Harrison* v. *NetCentric Corp.*, *supra*. In contrast, the Clemmer complaint alleges a "classic" shareholder freezeout: since the only economic benefit deriving from his minority ownership of the closely held company was his salary, he contends that "appellees' actions have completely deprived [him] of any [future] value or return on his investment" and, as well, no say in the policies of the company. Essentially, he claims that, although he remains a nominal director of LiveData, his stock interest has been rendered practically worthless.

The judge properly treated count I as a shareholder freezeout claim, and she acknowledged that the status of such an action has not been conclusively determined under Delaware law. Forecasting what the Delaware courts would do, however, the judge ruled that the claim was precluded by the broad rule of *Nixon* v. *Blackwell*, 626 A.2d 1366, 1380-1381 (Del. 1993). That decision — in "very forceful dicta"[2] — declined to adopt the heightened fiduciary duty of "utmost good faith and loyalty" our courts have found applicable to close corporations.[3] Rather, the court declared that no "special judicially-created rules" would be recognized to protect minority shareholders in closely held corporations. *Id.* at 1379, 1380-1381. Instead, such parties could establish greater protection only by contract or by incorporation as a statutory "close corporation" under Del. Code Ann. tit. 8, § 342. *Nixon* v. *Blackwell, supra* at 1380.

Despite the sweeping dicta, the *Nixon* decision did not preclude a cause of action for minority shareholder freezeout in close corporations. Rather, that decision held that, in cases where the controlling shareholders stood personally to benefit by the actions alleged to constitute the freezeout, "[t]he entire

---

[2]*Hollis* v. *Hill*, 232 F.3d 460, 469 n.28 (5th Cir. 2000).

[3]*Donahue* v. *Rodd Electrotype Co.*, 367 Mass. 578, 593 (1975), quoting from *Cardullo* v. *Landaum*, 329 Mass. 5, 8 (1952). *Wilkes* v. *Springside Nursing Home, Inc.*, 370 Mass. 842 (1976). In *Wilkes*, the court held that majority shareholders would breach this heightened fiduciary duty if they discharged a minority shareholder from employment without a "legitimate business purpose" or if the same legitimate purpose could be accomplished "through an alternative course of action less harmful to the minority's interest." *Id.* at 851-852.

fairness test, correctly applied and articulated, is the proper judicial approach." *Id.* at 1381. Indeed, in the later *Riblet Prods. Corp.* decision, the court stated that majority stockholders "may well owe fiduciary duties" where a plaintiff's termination might amount to a "wrongful freeze out of his stock interest." *Riblet Prods. Corp.* v. *Nagy*, 683 A.2d at 40. As to actions taken to freeze out a minority shareholder's stock interest constituting self-dealing, see Ragazzo, Toward a Delaware Common Law of Closely Held Corporations, 77 Wash. U. L.Q. 1099 (1999). For proper application of the "entire fairness" test, see, e.g., *Weinberger* v. *UOP, Inc.*, 457 A.2d 701 (Del. 1983); *Rosenblatt* v. *Getty Oil Co.*, 493 A.2d 929 (Del. 1985); *Nixon, supra* at 1375-1379; *Kahn* v. *Lynch Communication Sys.*, 638 A.2d 1110 (Del. 1994).

Upon the standards applicable to a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), we are unable to determine, from the face of the complaint, that the plaintiff has failed to state a claim upon which relief may be granted. As it is not established beyond doubt that Clemmer cannot make out his case under the entire fairness test applied in the Delaware courts, he has not pleaded himself out of court. See, e.g., *Municipal Light Co.* v. *Commonwealth*, 34 Mass. App. Ct. 162, 166 (1993). We therefore reverse so much of the judgment as dismissed count I of the complaint, and remand the case for further proceedings with respect to that count. The balance of the judgment is affirmed.

*So ordered.*

*Joseph J. Brodigan* for the plaintiff.
*Ben Robbins* for the defendants.