THE PRESIDENT, DIRECTORS AND COMPANY OF THE WALTHAM BANK *vs.* SARAH WRIGHT.

It is culpable neglect, within the meaning of *St.* 1861, *c.* 174, § 2, not to bring a suit against an administrator within the time limited by law, if the party having the claim has knowledge of the existence of the debt, of the statute limitation, and of the time when it will expire, and no fraud or imposition has been practised upon him, and the delay is not caused by accident or mistake.

HOAR, J. This suit in equity is brought under the provisions of *St.* 1861, *c.* 174, § 2, which is as follows : " Whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the supreme judicial court by bill in equity setting forth all the facts ; and if the court shall be of opinion that justice and equity require it, and that said claimant is not chargeable with culpable neglect, in not bringing his suit within the time limited by law, they may give him judgment for the amount of his claim against the estate of the deceased person ; but such judgment shall not affect any payments or distributions made before the commencement of such bill in equity."

The defendant contends, among other grounds of defence, that the plaintiffs are chargeable with culpable neglect, in not bringing their suit within the time limited by law.

It is not easy to give a precise definition of the phrase "culpable neglect," as used in the statute; or to lay down a fixed rule of interpretation which may serve as a test of all cases arising under it. "Culpable" means not only "criminal" but "censurable;" and when the term is applied to the omission by a person to preserve the means of enforcing his own rights, "censurable" is more nearly an equivalent. As he has merely lost a right of action which he might voluntarily relinquish, and has wronged nobody but himself, "culpable neglect" would seem to convey the idea of neglect for which he was "to blame;" that is, the neglect which exists where the loss can fairly be ascribed to his own carelessness, improvidence or folly.

The statute limiting suits against executors and administrators is an important one, and it cannot be supposed that the legislature have intended to render it practically nugatory. Within a few years the period of limitation has been shortened from four years to two. Administrators are bound to plead the special statute of limitations to suits against them, and no promise of the administrator can waive or avoid the statute, so as to bind the estate. *Brown* v. *Anderson*, 13 Mass. 201. *Thompson* v. *Brown*, 16 Mass. 178. *Emerson* v. *Thompson*, Ib. 429. We think, therefore, that the statute of 1861 was not intended to furnish a remedy for a case where a creditor, knowing that his debt is due, and knowing the statute of limitations applicable to it, and that his debtor is deceased and administration taken on his estate, and no fraud or imposition being practised upon him, without accident or mistake, voluntarily permits the time limited by the statute to expire, without enforcing his claim by a suit, and that such a case presents an instance of "culpable neglect." And we do not think this conclusion is altered by the fact that the creditor has relied upon an oral promise that the debt should be paid out of a particular fund, and expected that it would be so paid. Such a promise is

binding neither upon the administrator nor upon the estate. It would clearly be negligence in an agent to trust to it, and allow the limitation to attach. It is " neglect," a disregard of his known rights, in the principal, for which, if he loses by it, he has himself only " to blame."

We understand the case at bar to come precisely within this rule. The directors of the bank had full notice of the death of their debtor, and of the time when administration was taken on his estate. They voluntarily allowed the time limited by the statute to expire, trusting to their mortgage security, or to a promise by the agent of the administratrix that their debt should be paid from the proceeds of the ship Pam Flush. They did not attempt to enforce their rights seasonably, and fail by any accident or mistake. No fraud was practised upon them, and they trusted to a promise for the future which has now as much validity as it ever had, and does not constitute in law or equity, though unperformed, a fraud which entitles them to relief. The plaintiffs therefore fail to establish a case under the statute.

*Bill dismissed, with costs.*

*E. Mellen & J. Rutter,* for the plaintiffs.
*J. G. Abbott & S. J. Thomas,* for the defendant.