LEWIS A. STEBBINS & another *vs.* THOMAS A. SCOTT, executor.

Nantucket.    October 5, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Judgment — Foreign Law — Corporation — Action — Estate of Deceased · Person — Special Statute of Limitations — Assignment.*

In an action upon a judgment obtained against a corporation in Kansas, the agreed · statement of facts upon which the case was submitted recited that the corporation "suspended payment of its debts and deposits"; that a receiver of the corporation was duly appointed by a court of that State; that the assets of the corporation were duly turned into cash and distributed by the receiver among

the creditors; that all its assets were applied to the payment of its liabilities; and that the receiver was discharged about three years after his appointment. *Held,* that it appeared that the corporation "suspended business for more than one year," and never resumed business; and that the Gen. Sts. of Kansas of 1889, §§ 1200, 1204, were applicable to such a case.

The claim of a creditor of a Kansas corporation, who has obtained in that State a judgment against the corporation, which had "suspended business for more than one year," (Gen. Sts. of Kansas of 1889, §§ 1200, 1204,) and brings an action here upon the judgment to enforce the personal liability of a deceased stockholder of the corporation, the executor of whose will was appointed and qualified within two months after such suspension of business and more than two years before such judgment, is barred by the special statute of limitations, Pub. Sts. c. 136, § 9.

Where a Kansas corporation "has suspended business for more than one year," although it has not been actually dissolved, assuming that the creditors have two remedies, one under § 1192, and one under §§ 1200, 1204, of the Gen. Sts. of Kansas of 1889, to enforce the personal liability of the stockholders, they are two remedies for the same cause of action.

If the claim of an assignor in another State against the estate of a deceased person here, as a stockholder of a corporation there, was barred by the special statute of limitations, Pub. Sts. c. 136, § 9, when it was assigned, the assignee cannot escape this bar by bringing a suit against the corporation in the other State, and then bringing an action here on the judgment there obtained; and he shows no cause of action within §§ 13 *et seq.*

CONTRACT, upon a judgment obtained in Kansas. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*H. B. Worth,* for the defendant.

*E. D. Stetson,* for the plaintiffs.

FIELD, C. J. Under the agreed statement of facts on which this case was determined in the Superior Court, the only question submitted is whether or not the special statute of limitations of actions against executors and administrators is a bar to the plaintiffs' claim, etc. The plaintiffs sue here upon a judgment against the United States Savings Bank, a corporation established under the laws of the State of Kansas, recovered in the District Court of Shawnee County in Kansas on October 26, 1895, on which execution issued and was returned "wholly unsatisfied" in November, 1895. The writ in that action was dated August 23, 1895. The plaintiffs are the assignees of certain certificates of deposit issued by the bank to eight different persons, who at different times from December 20, 1890, to July 6, 1891, deposited with the bank the sums of money represented

by the certificates. Each depositor had a separate cause of action against the bank, represented by his certificate.

The bank carried on its business in Topeka, Kansas, and, as appears in the agreed statement, it suspended payment of its debts and deposits in March, 1891, and afterwards resumed payment in July, 1891, and " on September 17, 1891, it again suspended payment, and on September 19, 1891, a receiver of said corporation was duly appointed by the court of Kansas, and thereafter the assets of said bank were duly turned into cash, and distributed by said receiver among the bank's creditors; that the assets of said bank were insufficient to pay in full the claims of the depositors, the last dividend being paid June 4th, 1894; that said receiver applied all the assets of said bank to the payment of its liabilities, and was finally discharged on September 4th, 1894."

Frederick C. Sanford of Nantucket, of whose will the defendant is executor, died on August 13, 1890, leaving a will which was duly proved and allowed in the Probate Court of the county of Nantucket, and of which the defendant was appointed executor on November 10, 1891, and on that date he gave bond according to law, and afterwards he duly published notice of his appointment, and returned affidavit thereof to said Probate Court. The two years of limitation provided in Pub. Sts. c. 136, § 9, therefore expired on November 10, 1893. The writ in the present action is dated October 17, 1896.

Sanford at the time of his death owned twenty shares of the capital stock of the bank, of the par value of two thousand dollars. It is to be noticed that the indebtedness of the bank on which the judgment was rendered in the court of Kansas arose after the death of Sanford, but it has been assumed by the counsel of both parties that the liability of his estate is the same as if the indebtedness on the bank had arisen in his lifetime. We express no opinion about this, but we proceed to deal with the single question which, under the agreed statement of facts, has been submitted to us.

The plaintiffs on November 19, 1892, as attorneys for an association of creditors of the bank, wrote a letter to the defendant as executor of the will of Sanford, calling his attention to the liability of the estate of Sanford to the creditors of the bank,

and requested that he as such executor should pay fifty per cent of the amount of the stock held by the estate towards a fund for the payment of the creditors, but nothing was paid by the defendant on this request. With knowledge of the death of Sanford and the appointment of the defendant as executor, " after the two years period of limitation had expired, the plaintiffs took assignments of the certificates " of deposit, on which they brought the suit and obtained the judgment in the court in Kansas. " On September 20, 1896, the estate of said Frederick C. Sanford not being finally settled, and said twenty shares of the capital stock of said United States Savings Bank being still in the name of said Sanford on the books of said corporation, a decree was made by the Probate Court of [the county of] Nantucket, ordering, under the provisions of the Public Statutes, chapter 136, section 13, the defendant, as executor of said Sanford, to retain funds to satisfy " the judgment against the bank, and " such funds are now being held in obedience to said decree."

We assume, without considering it, that under the laws of Kansas an assignee of the several choses in action against the bank could sue the bank in the courts of Kansas in his own name, and could join in one action claims assigned by different persons. If, however, the claims of the assignors against the estate of Sanford were barred in this Commonwealth when they were assigned to the plaintiffs, the plaintiffs' claim as assignees we think is also barred. The plaintiffs as assignees have no greater rights against the estate of Sanford than their assignors would have had if no assignment had been made.

The contention of the defendant is that by §§ 1200 and 1204 of the General Statutes of Kansas of 1889, which are cited in the margin,* the causes of action of the assignors against the

---

* These sections are as follows:

" 1200. A corporation is dissolved, first, by the expiration of the time limited in its charter; second, by a judgment of dissolution rendered by a court of competent jurisdiction; but any such corporation shall be deemed to be dissolved for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year, or that any corporation now so suspended from business shall for three months after the passage of this act fail to resume its usual and ordinary business.

estate of Sanford accrued within two years after the giving of
the administration bond.   Pub. Sts. c. 136, §§ 1, 9.   If their
causes of action accrued within said two years, then the Probate
Court could not lawfully order the defendant to retain assets
under Pub. Sts. c. 136, § 13.   Whether the causes of action so
accrued depends upon the construction to be given to said
§§ 1200 and 1204, and to the agreed statement of facts.

We are of opinion that the meaning of the agreed statement
of facts is that the bank finally suspended business on Septem-
ber 17, 1891, and that it never resumed business.   The agreed
facts say that it suspended payment of its debts and deposits;
that a receiver of the bank was duly appointed by the court of
Kansas; that the assets of the bank were duly turned into cash,
and distributed by said receiver among the bank's creditors;
that the assets were insufficient to pay in full the claims of the
depositors; that all its assets were applied to the payment of
its liabilities, the last dividend being paid on June 4, 1894; and
that the receiver was discharged on September 4, 1894.   We are
of opinion that it appears that the bank " suspended business for
more than a year " from September 17, 1891.   We also are of
opinion that §§ 1200 and 1204 of the statutes of Kansas are
applicable to such a case, and that after the expiration of
said year the creditors of the bank each had a cause of action
against the stockholders to enforce their individual liability
under the statutes of Kansas.   *Abbey* v. *W. B. Grimes Dry
Goods Co.* 44 Kans. 415.   The causes of action of the holders

---

" 1204. If any corporation, created under this or any general statute of
this State, except railway or charitable or religious corporations, be dissolved,
leaving debts unpaid, suits may be brought against any person or persons
who were stockholders at the time of such dissolution, without joining the
corporation in such suit; and if judgment be rendered, and execution satis-
fied, the defendant or defendants may sue all who were stockholders at the
time of dissolution, for the recovery of the portion of such debt for which
they were liable, and the execution upon the judgment shall direct the col-
lection to be made from property of each stockholder, respectively; and if
any number of stockholders (defendants in the case) shall not have property
enough to satisfy his or their portion of the execution, then the amount of
the deficiency shall be divided equally among all the remaining stockholders,
and collections made accordingly, deducting from the amount a sum in pro-
portion to the amount of stock owned by the plaintiff at the time the com-
pany dissolved."

of the certificates of deposit against the estate of Sanford therefore accrued on September 18, 1892, and they could have brought an action against the defendant as executor at any time from November 10, 1892, to November 10, 1893.

It is argued on behalf of the plaintiffs that the remedy under said §§ 1200 and 1204 was not intended to be exclusive, but that creditors of the bank also had a remedy under § 1192 of the General Statutes of Kansas of 1889, also cited in the margin;* that the plaintiffs had a right to proceed against the corporation in Kansas, under said § 1192, and then bring suit here on the judgment there obtained; that the cause of action declared on in the suit here did not accrue until the judgment had been obtained in the courts of Kansas, and the execution issued thereon had been returned unsatisfied; and that the present action was brought within one year thereafter, as required by Pub. Sts. c. 136, § 14. See *Hancock National Bank* v. *Ellis, ante,* 39. The argument is that it does not appear that the corporation actually was dissolved by the decree of the court in Kansas; that there is a good reason why the creditors should postpone their action against the stockholders until they had received their dividends from the assets of the corporation in the hands of the receiver; that the creditors could bring suit in Kansas against the corporation at any time within the statute of limitations of that State, and, if thereafter they obtained a judgment there which was unsatisfied, they could bring suit on the judgment against the stockholders as on a cause of action that first accrued after such judgment.

The extent of the liability of the stockholders is substantially

---

* This section is as follows: "If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

the same under either of these provisions of the statutes of Kansas, because a stockholder who pays in full the debt of a creditor of the corporation undoubtedly would be entitled to receive the dividends from the assets of the corporation applicable to that debt. Section 1192 of the statutes of Kansas apparently gives a remedy to the creditors to enforce the liability of the stockholders in cases where the corporation has not been dissolved, while §§ 1200 and 1204 give a remedy where the corporation has been actually dissolved, either by a decree of a court of competent jurisdiction or by the expiration of the time limited in the charter. Whether there is any provision in the statutes of Kansas for maintaining a suit against a corporation after it has been dissolved does not appear in the papers before us. Sections 1200 and 1204, however, also make provision for the creditors of a corporation to enable them to enforce the liability of the stockholders where it is shown that the "corporation has suspended business for more than a year," although the corporation has not been actually dissolved. But for this provision the different remedies would, so far as appears, be held applicable to different states of fact, and to be exclusive of each other. In the last mentioned case, however, we assume that each creditor has two remedies to enforce the statutory liability of the stockholders, but they are, we think, two remedies for the same cause of action.

The causes of action against the estate of Sanford, to which the plaintiffs have succeeded by assignment, were in their original form barred by the special statute of limitations before they were assigned to the plaintiffs. We think that the plaintiffs cannot escape this bar by bringing a suit against the corporation in the courts of Kansas, and then bringing an action here on the judgment there obtained. See *Stilphen* v. *Ware*, 45 Cal. 110. The special statute of limitation of actions against the representatives of the estates of deceased persons was enacted for the purpose of insuring the speedy settlement of the estates. All causes of action which have accrued within the time limited must be prosecuted within that time or they are barred. An executor or administrator has no power to waive the special statute of limitations. *Lamson* v. *Schutt*, 4 Allen, 359. *Wells* v. *Child*, 12 Allen, 333. *Robinson* v. *Hodge*, 117 Mass. 222.

*Forbes* v. *Harrington*, 171 Mass. 386.  The original causes of action could have been prosecuted against the estate of Sanford within two years from the time of giving the administration bond.  We think, therefore, that the plaintiffs show no cause of action within Pub. Sts. c. 136, §§ 13 *et seq.*

The judgment of the Superior Court for the plaintiffs must be reversed, and there must be judgment for the defendant.

*So ordered.*