Houston, J.
This case comes before the Court on a request from both parties for a ruling pursuant to Rule 52(a) of the Massachusetts Rules of Civil Procedure allowing the court to enter judgment without a jury. The plaintiff, Citicorp Mortgage, Inc. (“Citicorp”), seeks to recover a deficiency judgment arising from the breach of a note secured by a mortgage and resulting foreclosure of a mortgage executed by Frederick A. Publicover. The defendant, Michelle Publicover (“Publicover”), is the executrix of Frederick Publicover’s estate (“the estate”). She alleges that Citicorp’s claim must fail because it was brought after the one-year statute of limitation period for such actions provided for in G.L.c. 197, §9.
UNDISPUTED FACTS
The relevant facts are largely undisputed and are as follows:
1. Citicorp is a corporation with a usual place of business at 15851 West Clayton Road, Ballwin, Missouri.
2. Michelle Publicover became the qualified Executrix of the Estate of Frederick A. Publicover on November 1, 1990. Frederick A. Publicover died on May 2, 1990. Currently, assets remain in the estate for distribution to creditors.
3. Citicorp is the holder of a note executed and delivered by Frederick A. Publicover in the amount of $456,000.00 dated August 22, 1989. The note was originally secured by a mortgage on property located at 62 Green Street, Sherbom, Middlesex County.
4. Because the note was in default for failure to pay principal and interest, Citicorp gave notice of default as required in the note and mortgage and in accordance with G.L.c. 244, §17B. The entire amount due under the note and mortgage became payable thirty days thereafter.
5.Citicorp foreclosed on the mortgage and sold the property on May 13, 1991 for a sum of $275,450.00. At that time Frederick Publicover’s estate was indebted to Citicorp to the sum of $510,453.20 consisting of the following:
Principal $454,653.40
Interest to date of sale 47,682.55
Late charges 1,562.24
Monies advanced for protection of premises 2,382.18
CostjOf foreclosure 4,172.83
Thus, Frederick Publicover’s estate remains indebted to Citicorp to the sum of $235,003.20.
6.The date of the foreclosure sale was beyond the one-year limit permitted for filing a claim against an estate pursuant to G.L.c. 197, §9.
7.Between the date of the foreclosure sale and the commencement of this action, Citicorp relied on the assurances of Publicover, by her attorney, that a compromise of amount owed would be paid. No such compromise has been made.
8.To this date, no money has been paid on Frederick A. Publicover’s account.
DISCUSSION
General laws chapter 197, §9 provides, in relevant part, that:
. .. [A]n executor administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such executor or administrator . . .
The special statute of limitation of action against the representatives of the estates of deceased persons was enacted for-the purpose of insuring the speedy settlement of estates. Stebbins v. Scott, 172 Mass. 356, 362 (1899). Action at law is “commenced” within the meaning of §9 when a writ issues and is delivered to an officer with a bona fide intent to have it served upon defendant. Parker v. Rich, 297 Mass. 111, 113 (1937).
*397 Citicorp contends that one of the exceptions found in G.L.c. 197, §§10 and 13 should apply and that therefore its claim is not barred by the one-year statute of limitations.
General laws chapter 197, §10 provides that:
If the Supreme Judicial Court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person, provided forthwith upon the filing of the bill a notice such as provided in section nine has been filed in the proper registry of probate; but such judgment shall not affect any payment or distribution made before the filing of such bill and notice.
The creditor seeking to enforce its claims bears the burden of showing that the failure to commence action timely was not due to his carelessness, or any lack of diligence for which he might properly be censored. Downey v. Union Trust Company of Springfield, 312 Mass. 405, 408-09 (1943). It is culpable neglect not to bring suit against an administrator within the time limited by law if the party who had the claim had knowledge of the existence of the debt, of the statute of limitations on such actions and no fraud was involved. Waltham Bank v. Wright, 90 Mass. 121, 122 (1864).
In this case, Citicorp has failed to meet its burden of showing that the delay in filing its claim was not due to its own negligence or diligence. Although the practice in Massachusetts may be, as Citicorp asserts, that deficiency actions are not generally filed until after a foreclosure sale takes place, Citicorp has failed to explain the delay in instigating the foreclosure proceedings.
Apparently the note had been in default since the time of Frederick Publicover’s death, yet Citicorp did not foreclose on the underlying property until one year and eleven days after his death. Citicorp has offered no evidence to suggest that there was a reasonable cause for the delay. Therefore, Citicorp’s claim under G.L.c. 197, §10 must be denied.
Citicorp also argues for the application of G.L.c. 197, §13 which provides, in relevant part, that:
A creditor of the deceased, whose right of action shall not accrue within one year after the date of death of the deceased, may present his claim to the probate court at any time before the estate is fully administered; and if, upon examination thereof, the court shall find that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same.
Section 13 specifically addresses causes of action which have not accrued prior to the expiration of the one-year statute of limitations. Citicorp contends that its cause of action did not accrue until the completion of the foreclosure sale when the actual amount of deficiency was determined.
This claim must also fail. The burden of proof lies with Citicorp to establish that its claim did not accrue before the expiration of the statute of limitations imposed by G.L.c. 197, §13. Citicorp’s right of action accrued when the estate was in default. Nothing in the papers filed by the parties suggests that any payment was made on Frederick Publicover’s loan after his death. Citicorp had full notice of the death of their debtor, and of the time when administration was to occur on the estate. They voluntarily allowed the time limited by the statute to expire, trusting their mortgage security or to a promise by the executrix that their debt would be paid. They did not attempt to enforce their rights seasonably, nor was fraud practiced upon them. Presumably Citicorp could have instituted foreclosure proceedings earlier and filed the action against the estate before the expiration of the statute of limitations. The court finds that Citicorp has not met its burden of showing that its failure to file this action in a timely manner was not due to its own neglect, or that the cause of action had not accrued within one year of Frederick Publicover’s death. Therefore, the court finds, under Mass.R.Civ.P. 52(a) that Citicorp is not entitled to recover funds from the estate of Frederick Publicover because it brought this action after the expiration of the statute of limitations on such actions.
ORDER
Accordingly, it is hereby ORDERED that judgment shall enter DENYING plaintiff Citicorp Mortgage’s claim against Michelle Publicover, Executrix of the Will of Frederick A. Publicover.