Hinkle, J.
Plaintiff Michael da Silva filed this action alleging, among other things, that defendant Starbucks Corporation (“Starbucks”) wrongfully detains his shares in The Coffee Connection, Inc. (“Coffee Connection”). Plaintiff claims that Starbucks knew that he claimed to have been wrongfully deprived of his Coffee Connection stock before Starbucks acquired the stock of Coffee Connection. Thus, plaintiff contends, a constructive trust applies in plaintiffs favor to the proceeds of the transaction in the hands of Starbucks.[1] Starbucks has moved to dismiss the claims plaintiff raises against Starbucks or, in the alternative, for summary judgment.
For the reasons explained below, I allow summary judgment in favor of Starbucks on the replevin count (Count VI of the verified complaint) and deny summary judgment on the constructive trust count (Count VIII).[2]
BACKGROUND
Plaintiff, a former shareholder of Coffee Connection, challenges the adequacy of the price at which he sold his stock in October 1992. At that time plaintiff sold his holdings in Coffee Connection (approximately 16 percent of the stock) for $450,000 to the Coffee Connection defendants.
On or about March 15, 1994 Starbucks purchased the stock of Coffee Connection for more than $23 million. Da Silva thereafter alleged fraud against the Coffee Connection defendants based on their purchase of his stock. Da Silva also asserts claims for replevin, constructive trust and reach and apply against Coffee Connection. Only the latter are raised against Starbucks.
DISCUSSION
Plaintiff alleges that he has a right to replevy his shares from Starbucks, the current holder of such shares. Under Massachusetts law the elements of replevin are (i) that the goods in question have a value greater than $20, (ii) that the goods are unlawfully taken or detained, and (iii) that the owner or person entitled to possession is deprived of the goods. M.G.L.c. 247 §7. See also Evergreen Marine Corp. v. Six Consignments of Foreign Scallops, 806 F.Supp. 291 (D.Mass. 1992), vacated on other grounds, 4 F.3d 90 (lst.Cir. 1993).
In order to avoid summary judgment on replevin Da Silva must present evidence sufficient to raise an issue of fact that Starbucks unlawfully took or unlawfully detained his stock. M.G.L.c. 247 §7. While the plaintiff has alleged that he was induced to sell his shares by the wrongful acts of the Coffee Connection defendants, the verified complaint does not allege any wrongful conduct by Starbucks.
Further, since replevin is strictly a possessory action, it lies only on behalf of one entitled to possession. Not only must the plaintiff have the right to possession generally, but he must have the right to immediate, *37 exclusive and unqualified possession of the property as against each defendant. If any preliminary act or condition precedent must be performed before the unqualified right of possession attaches, replevin cannot be maintained. See Wylie v. Marinofsky, 201 Mass. 583 (1909). Here the verified complaint does not allege, and nothing in the record suggests, that plaintiff has any right to immediate, exclusive and unqualified possession of the Starbucks stock since he released his right, title and interest in the property for $450,000.
Turning to plaintiffs claim for establishment of a constructive trust, “[a] constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.” In Re Dodge, 48 F.Supp. 647, 652 (D.N.H. 1950), citing 4 Scott on Tmsts, para. 462, p. 3103; see also Sullivan v. Rooney, 404 Mass. 160, 163 (1989) (“Equitable principles impose constructive trust on property to avoid unjust enrichment of party who violates his fiduciary duty and acquires that property at expense of person to whom he owed that duty”).
Plaintiff argues that Starbucks is liable as a constructive trustee whether or not the corporation was itself “unjustly enriched” at his expense. Section 468 of V Scott on Tmsts (4th ed. 1989), provides in part:
Where the wrongdoer acquires title to property by fraud, duress, or undue influence, he may transfer the property to a third person. If the third person has notice of the wrongdoing or does not pay value he holds the property subject to the constructive trust for the person wronged.
When a third party acquires property with notice that the second party had obtained it wrongfully a constructive trust may be established. See Morgan Guar. Trust Co. v. Third Nat’l Bank of Hampden County, 400 F.Supp. 383, 388-91 (D.Mass. 1975); Tierney v. Coolidge, 308 Mass. 255 (1941); Varney v. Curtis, 213 Mass. 309 (1913).
Plaintiff alleges that before acquiring Coffee Connection “(S]tarbucks was advised and informed and further learned that Michael da Silva claimed that he had been wrongfully deprived of his stock in the Coffee Connection, Inc.” Plaintiff has submitted to the Court letter notification that Starbucks knew before the acquisition that plaintiff claimed his stock was fraudulently acquired. Plaintiff contends that Starbucks cannot be considered a bona fide purchaser because the company had notice of plaintiffs claims. Because a material issue of fact exists as to whether Starbucks had notice of plaintiffs claim and demand for rescission before Starbucks’ acquisition of Coffee Connection, the defendant’s motion for summary judgment on the constructive trust count must be denied.
ORDER
For the foregoing reasons it is hereby ORDERED that Starbucks’ motion for summary judgment as to Count VI is ALLOWED, and as to Count VIII is DENIED.

Tn his verified complaint plaintiff also brings claims for replevin and a constructive trust against Coffee Connection, John Rapinchuk, Rose Marie Jaquith, George H. and Laurie A. Howell (the Coffee Connection defendants). For purposes of this decision, I focus only on Starbucks Corporation and whether its motion to dismiss, or, in the alternative, for summary judgment should be allowed on the replevin and constructive trust counts.

At a hearing held on November 16, 1994 the parties agreed that ruling by summary judgment rather than dismissal was appropriate, so long as my ruling is without prejudice to Starbucks’ right to file a renewed summary judgment motion after discovery, if appropriate.