Garsh, J.
The plaintiff, Crosslight Organization, Inc. (“Crosslight”), brought this action against the defendant, Kristen B. Williams as Executrix of the Estate of Stephen Williams (the “Estate”), for negligence, malpractice and conversion. The Estate claims that the action is barred by the statute of limitations, G.L.c. 197, §9(a). This matter is now before the court on cross-motions for summary judgment. For the reasons discussed below, Crosslight’s Motion for Summary Judgment as to Liability on Count III of its Complaint is allowed in part and denied in part and the Estate’s Cross-motion for Summary Judgment is allowed in part and denied in part.
BACKGROUND
The following facts are undisputed.
Between 1990 and 1999, Stephen D. Williams (“Williams”) acted as Crosslight’s accountant. During this time, Williams was in charge of preparing payroll checks for Crosslight’s employees, maintaining earning records, completing payroll tax returns, and filing those returns with the Social Security Administration, Internal Revenue Service (“IRS"), and the Commonwealth of Massachusetts.
On July 12, 1999, Williams committed suicide. He left a suicide note addressed to the director and founder of Crosslight. The note stated that Williams had misappropriated approximately forty thousand dollars from Crosslight which he wished to give back to the organization.
At some point after receipt of the note, Crosslight hired Frank Monti, CPA (“Monti”), to conduct a forensic audit of its records. The audit was completed on October 5, 1999. Monti concluded that Williams was negligent in maintaining employee earning records and in completing and filing payroll tax returns. Monti also concluded that Williams had stolen or misappropriated at least $112,405.00 and that, due to his failure to remit taxes properly, the IRS had assessed Crosslight at least $5,171.00 and $7,679.40 in two different years.
Crosslight filed its complaint against the Estate on September 18, 2000. It was amended on January 30, 2001. Count I of the amended complaint is a claim for negligence; it alleges negligent failure to maintain the books, accounts and finances of the corporation and to safeguard the corporation’s financial assets. Count II is a claim for accounting malpractice with regard to taxation; it alleges that Williams negligently failed to pay income tax for Crosslight, including payroll taxes. Count III is a claim for conversion; it alleges that Williams converted funds of Crosslight to his personal account and for his own purpose.
DISCUSSION
Whether the claims made by Crosslight are barred by G.L.c. 197, §9(a) is the only issue raised by the cross-motions for summary judgment. If the conversion claim is not so barred, Crosslight would be entitled to summary judgment as to liability on Count III, the only count for which it seeks summary judgment, as it is undisputed that Williams misappropriated funds belonging to Crosslight. The Estate’s position is that not only is the conversion claim on which Cross-light seeks summary judgment barred, but so are the remaining two claims in the complaint.
G.L.c. 197, §9(a) provides, in relevant part, as follows:
*364 [A]n executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased . . .
Crosslight filed its complaint against the Estate one year and two months after the date of Williams’s death.
Crosslight’s Status Vis-a-vis the Estate
Section 9(a) applies only to an action “by a creditor.” The term “creditor” has been broadly construed to encompass “one having a claim not only in contract but also in tort against the estate, and the word ‘action’ as appearing in the statute has been held to apply to proceedings both at law and in equity.” New England Trust Co. v. Spaulding, 310 Mass. 424, 429-30 (1941).
Unless Crosslight’s failure to file its complaint within a year after William’s death may be excused if it filed within twelve months after it knew or should have known of the wrongs about which it complains, the Estate is entitled to dismissal of Crosslight’s negligence and malpractice claims, Counts I and II. These counts are claims in tort against the Estate, and the action was not commenced within twelve months of the date of Williams’ death. With respect to those claims, Crosslight is a “creditor” of the Estate within the meaning of G.L.c. 197, §9(a).
The conversion claim stands in a different light. Insofar as Count III of the amended complaint seeks damages in tort against the Estate without any tracing of the converted funds, Crosslight is a “creditor” of the Estate within the meaning of c. 197, §9(a). See Restatement (Second) ofTrusts §202(2) (1959) (wronged party stands in the shoes of a general creditor only to the extent misappropriated funds have been entirely dissipated and it cannot trace the misappropriated funds into any product purchased with those funds). But Count III should not be so narrowly construed.[1]
In Mickelson v. Barnet, 390 Mass. 786 (1984), the court considered the status of an accountant who had misappropriated funds from investors under the pretense of investing their money for them. The court held that the accountant’s “conversion of the would-be investors’ funds was an embezzlement, that is, the relationship between [the accountant] and the investors was that of agent and principal, not debtor and creditor.” Id. at 790. Similarly, Williams was Crosslight’s accountant, and he misappropriated funds from Crosslight for his own use, making the relationship between Williams and Crosslight that of agent and principal, and not debtor and creditor.
Because the relationship is one of agent and principal, the embezzling accountant becomes “a constructive trustee of the money and its traceable proceeds.”[2] Id. See also Boston Trading Group, Inc. v. Burnazos, 835 F.2d 1504, 1507 (1st Cir. 1987) (Massachusetts courts treat an investment advisor’s wrongful taking of his clients’ money as an embezzlement and impose a constructive trust upon the funds and those who knowledgeably take them).
The short statute of limitations applicable to a creditor’s claim against an estate does not govern an action brought by a principal entitled to establish a constructive trust upon money in the possession of an estate that was misappropriated by a deceased agent and upon its traceable proceeds in the possession of the estate. Chapter 197, §9(a) “does not apply to suits to enforce equitable interests in property of a decedent in the possession of an executor, as such a suit is not one by a creditor to collect a debt but one by the holder of an equity to enforce his title.” New England Trust Co. v. Spaulding, 310 Mass. at 430. See Howe v. Johnston, 39 Mass.App.Ct. 651, 654 (1996).[3] Crosslight is seeking to enforce an equitable interest in the property of a decedent in the possession of an executor, and as such its suit is not one by a creditor to collect a debt. There is no logical reason to limit the holding in New England Trust Co. to the enforcement of an equitable interest in something other than misappropriated funds and their traceable proceeds. Just as the holders of converted tangible property have an equitable duty to convey that property to the beneficiary, so too do the holders of funds that have been converted. It is not the nature of what Cross-light has an equitable interest in that removes its conversion claim from the scope of G.L.c. 197, §9(a); it is the fact that Crosslight is not suing as a creditor when it seeks to establish a constructive trust as a remedy for conversion.
The Estate is wrong in its assumption that a constructive trust cannot apply to converted funds which may have been commingled with the trustee’s personal funds. “(T]he mere fact that the trust property or its proceeds has been mingled with the trustee’s individual property in one indistinguishable mass does not prevent the beneficiary from following the trust property ...” Restatement (Second) of Trusts §202 (2), Comment o (1959). When a trustee wrongly mingles trust property with his individual property in one indistinguishable mass, the beneficiary is entitled to enforce a constructive trust on the mingled property “in such proportion as the property so mingled bears to the whole of the mingled properly" or to enforce an equitable lien on the property to secure its claim for reimbursement. Restatement (Second) Trusts §202(1), Comment h (1959). See also Provencher v. Berman, 699 F.2d 568, 571 (1st Cir. 1983) (where holder used commingled funds to purchase property, beneficiary of the constructive trust may take title to a proportionate share of the entire property).
Since it is undisputed that Williams converted funds from Crosslight and since Crosslight is not a creditor to the extent it seeks to enforce a constructive trust arising out of that conversion, the Estate is not entitled to dismissal of the conversion claim. Cross-light is entitled to summary judgment as to liability on Count III to the extent that count seeks imposition of a constructive trust.
*365 Applicability of the Common Law Discovery Rule
Crosslight claims that all its tort claims for damages can be maintained because these causes of action did not accrue until the completion of the forensic audit that established the truth of Williams’ deathbed confession and uncovered additional acts of wrongdoing by Williams. It follows, Crosslight argues, that it had one year from the date on which its causes of action had accrued to file suit against the Estate. The Estate counters that the common law discovery rule does not relieve Crosslight from its failure to comply with the short statute of limitations in G.L c. 197, §9(a).
Traditionally, a cause of action in tort was deemed to accrue at the time of the injury to the plaintiff. Frank Cooke, Inc. v. Hurwitz, 10 Mass.App.Ct. 99, 106 (1980), citing Cannon v. Sears Roebuck & Co., 374 Mass. 739, 740-43 (1978). However, the discovery rule has been applied in a host of situations to determine when the statute of limitations starts to run. See, e.g., Franklin v. Albert, 381 Mass. 611, 619 (1980) (medical malpractice); Friedman v. Jablonski, 371 Mass. 482, 485-86 (1976) (real estate fraud); Hendrickson v. Sears, 365 Mass. 83, 83-84 (1974) (legal malpractice). When the discovery rule applies, a plaintiffs cause of action accrues when the plaintiff knows or, in the exercise of reasonable diligence, should have known that he has been harmed or may have been harmed by the defendant’s conduct. Williams v. Ely, 423 Mass. 467, 473 (1996); Bowen v. Eli Lilly & Co., 408 Mass. 204, 205-06 (1990).
Most tort claims must be brought within three years of the date on which the cause of action has accrued.[4] The discovery rule is used for the purpose of determining when a cause of action accrues and, thus, when the statute of limitations starts to run. Bowen v. Eli Lilly & Co., 408 Mass. at 205. Its application does no violence to the statutes of limitations to which it has been applied because in those statutes the Legislature has done no more than establish a time limit within which the tort action must be brought, and it has left for judicial determination the time when “the cause of action accrues.” Cannon v. Sears Roebuck & Co., 374 Mass. at 740.
The discovery rule applies only “in the absence of a governing statute.” Bowen v. Eli Lilly & Co., 408 Mass. at 205. The governing statute at issue here, G.L c. 197, §9(a), leaves no room for application of the discovery rule. Section 9(a) does not establish a time which starts to run only after the cause of action accrues. Instead, it establishes a time which starts to run upon the date of death of the decedent and all causes of action which have accrued prior to the expiration of the one-year period following the date of death “must be prosecuted within that time or they are barred.” Stebbins v. Scott, 172 Mass. 356, 362 (1899). It is undisputed that all the causes of actions set forth in the amended complaint had accrued prior to the expiration of the one-year period following the date of Williams’ death.
In addition to the unambiguous phrase “within one year after the death of the deceased” used in Section 9(a), the mechanism in G.L.c. 197, §10, whereby a creditor whose claim has not been filed within the one-year period can obtain permission to file late, underscores the legislative intent that the one year be measured from the date of death and not from when the creditor knew or should have known it had been harmed. G.L.c. 197, §10 states:
If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person, provided forthwith upon the filing of the bill a notice such as provided in Section nine has been filed in the proper registry of probate; but such judgment shall not affect any payment or distribution made before the filing of such bill and notice.
Crosslight would have the discovery rule apply to extend automatically the time in which a creditor’s claim against an estate could be brought even if, as here, the creditor became aware that it had a claim against a decedent within days or a few months of the death of the debtor. Such a result would overrule Stebbins, ignore the plain language of Section 9(a), subvert the legislative purpose behind the short statute of limitations — the promotion of prompt settlement of estates — Spaulding v. McConnell, 307 Mass. 144, 146 (1940), and allow a creditor to escape the consequences of the specially enacted statute of limitations even if the failure to file within one year after the death of the deceased was the result of its own culpable neglect.
The “not chargeable with culpable neglect” standard set out in section 10 assures that a creditor’s claims, once they are known, are promptly filed. See Downey v. Union Trust Co. of Springfield, 312 Mass. 405, 408-09 (1942) (it is culpable neglect if the delay in filing a timely complaint was due to the creditor’s carelessness or lack of diligence); Waltham Bank v. Wright, 90 Mass. 121, 122 (1864) (it is culpable neglect not to bring suit against an administrator within the time limited by law if the creditor had knowledge of the claim’s existence, of the statute of limitations, and of the time when it would expire). By enacting Section 10, the Legislature recognized that the short statute of limitations in Section 9(a) may, at times, produce an unjust result, and therefore it chose to temper the goal of expeditious settlement of estates, but to do so in a manner that does not give extra time to every creditor who may not be aware of a claim on the deceased’s date of death. It is not this Court’s role to rewrite the statute in order to strike a different balance.
*366 Crosslight did not file its tort claims for damages within the statute of limitations set out in G.L.c. 197, §9(a). Therefore, the Estate is entitled to dismissal of those claims.
ORDER
For the foregoing reasons, it is ORDERED that Crosslight’s Motion for Summary Judgment as to Liability on Count III of its Amended Complaint is ALLOWED in part and DENIED in part. To the extent that Count III seeks tort damages for conversion, said motion is DENIED; to the extent that Count III seeks to impose a constructive trust for misappropriation, said motion is ALLOWED. It is further ORDERED that the Estate’s Cross-Motion for Summary Judgment is ALLOWED in part and DENIED in part. Judgment shall enter dismissing Counts I and II of the Amended Complaint and so much of Count III as seeks tort damages for conversion; the Estate’s Cross-Motion is otherwise DENIED.

In its amended complaint. Crosslight requests “such other relief as the Court deems just,” thus not limiting itself to any one theory of recovery.

 A constructive trust is an equitable remedy established by the court, in the absence of any intention of the parties to create a trust, in order to avoid unjust enrichment of one party at the expense of the other where the legal title to the property .was obtained by fraud or in violation of a fiduciary relation. Barry v. Covich, 332 Mass. 338, 342 (1955). When a constructive trust is imposed, it applies both to the property acquired immediately by the fiduciary’s wrongful act, such as the funds misappropriated by Williams, and to property subsequently acquired through the disposition of the property initially acquired. Restatement (Second) of Trusts §202(1) Comment a, Illustration 4; Comment b (1959).

 See also Curley v. Curley, 1999 WL 792054 (Mass. Super. 1999) (Hillman, J.) (one-year statute for creditors’ claims does not apply to a suit seeking return of personal property where decedent had no ownership rights in the property); Brown University v. Kaminski, 1994 WL 879757 (Mass. Super. 1994) (Bohn, J.) (replevin action not controlled by short statute of limitations).

 See, e.g., G.L.c. 260, §2A, which provides that “[e]xcept as otherwise provided, actions of tort.. . shall be commenced only within three years next after the cause of action accrues.” Similarly, G.L.c. 260, §4 provides that “[a]ctions of. . . tort for malpractice, error or mistake against attorneys, certified public accountants and public accountants . . . shall be commenced only within three years next after the cause of action accrues.”