McHugh, J.
Defendant proffers two grounds in support of his contention that the complaint should be dismissed: plaintiffs lack standing to bring suit on claims that belong to Wellington Management Company, a Massachusetts limited liability partnership, because they are fewer than all of the partners and, even if they ordinarily would have standing to sue, they have in this case misrepresented their authority to sue and thus should not be permitted to do so.
“It is true that, as a matter of pleading, ‘[w]ith certain exceptions ... all partners must be parties to a suit involving partnership rights.’" Gorovitz v. Planning Board of Nantucket, 394 Mass 246, 249 (1985) quoting Shapira v. Budish, 275 Mass. 120, 126 (1931). The statutoiy provisions dealing with limited liability partnerships do not purport to alter that general rule. See G.L.c. 108A, §§45-47. At the same time, partners owe a fiduciary duty to each other, Cardullo v. Landau, 329 Mass. 5, 8 (1952), and any partner is free to maintain her own action against any other partner for breach of that duty. The four plaintiffs therefore have the right to maintain an action to recover for any damage defendant’s breach of a fiduciary duty may have caused them individually.
Insofar as misrepresentation is concerned, Article XV of the Partnership Agreement gives the Managing Partners the right to “consider” an action for injunctive relief and damages in the event that the non-competition provisions of that article are breached. While the word “consider” does not, standing alone, include the power to “act," I am of the opinion that, read as a whole and read against the backdrop of the frequent need for speed when violations of such agreements are perceived, see generally, e.g., Hubert v. Melrose-Wakefield Hospital Association, 40 Mass.App.Ct. 172, 177 (1996), Article XV authorizes the managing partners to commence an action for injunctive and monetary relied. There is no doubt that three of the plaintiffs are the Managing Partners.
ORDER
For the foregoing reasons, defendant’s motion to dismiss the complaint should be, and it hereby is, DENIED.