Williams, P.J.
At the jury trial of this slip and fall case, the judge allowed a motion by the defendant, McGovern’s Family Restaurant (“McGovern’s”), for a directed verdict. The plaintiffs, Maria Borges (“Borges”) and Antonio Borges,[3] appealed, claiming that their trial evidence was sufficient to have allowed the case to proceed to the jury. We agree, and return the case to the Taunton District Court for a new trial.
A directed verdict is appropriate only if the trial court, viewing the evidence in the light most favorable to the plaintiff, determines that the defendant is entitled to judgment as a matter of law. Phelan v. May Dept. Stores Co., 443 Mass. 52, 55 (2004); Hubert v. Melrose-Wakefield, Hosp. Ass’n, 40 Mass. App. Ct. 172, 176 (1996). If any reasonable view of the facts and rational inferences, based on probabilities and not possibilities, supports the plaintiff’s claims, the motion must be denied. Kirby v. Morales, 50 Mass. App. Ct. 786, 793 (2001). In our review of a trial court's allowance of a motion for a directed verdict, we consider whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff. Doe v. Senechal, 66 Mass. App. Ct. 68, 76 (2006); McCarthy v. Rench, 2006 Mass. App. Div. 185, 186 and cases cited. We summarize the evidence in the light most favorable to Borges. Balkin v. Frank M. Katz, Inc., 373 Mass. 419, 420 (1977); Waite v. Goal Sys. Int'l, Inc., 55 Mass. App. Ct. 700, 701 (2002).
After the funeral of Borges’s father on October 14, 2001, she and 80 to 100 guests attended a buffet brunch in the basement banquet hall of McGovern’s in Fall River. Borges and her daughter, Sandra Drywa (“Drywa”), had patronized McGovern’s on prior occasions. A single waiter, Flo Ramos (“Ramos”), attended to the party. Soon after arriving at McGovern’s, Drywa told Borges she did not like the food; and the two, in search of Ramos, walked toward the kitchen door which Drywa had seen Ramos regularly using. As they approached the door, Borges’s feet slipped from under her, and she fell to the floor. The area of the fall was dimly lit and near a bar closed to patrons. Borges had not noticed any other patrons in that area. There was a tub containing some dishes and glasses on a cart about 15 feet away. After she was helped to her feet, Borges, along with Drywa, examined *101 the area to discover a cause for the fall. Borges saw a puddle of water, and Drywa noticed some “water droplets.” Two days later, Borges began medical treatment for pain in her neck and shoulder.
At trial; McGovern’s moved for a directed verdict after Borges rested her case. Mass. R. Civ. P., Rule 50(a). The court denied the motion. After McGovern’s case, which consisted solely of Ramos’s testimony, it renewed its motion. The court then allowed the motion, noting that premises-liability cases were difficult to prove and that this case was a “pretty close” one. The court ruled that Borges had failed to show that McGovern’s had caused the alleged foreign substance to be on the floor, that McGovern’s had actual knowledge of its existence and failed to use due care to remove it, or that the substance had been present for such a time that McGovern’s should have known about it and taken steps to make the area reasonably safe. See Oliverie v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1961); DiCarlo v. Demoulas Supermarkets, Inc., 2006 Mass. App. Div. 79, 80.[4]
Borges submitted that McGovern’s had caused the offending substance, apparently water, to be on the floor where she fell, and that she had introduced sufficient evidence for a jury to infer that McGovern’s employees had spilled it on the floor before or during the brunch. Specifically, Borges emphasized evidence that water had already been placed on the dining tables or “at the buffet” by the time guests arrived, that Ramos had regularly used the kitchen door near the place of the fall, that no patrons had been in that area,[5] that a cart containing apparently dirty dishes and glasses stood nearby, and that the area was poorly lit. From such evidence, Borges argues, a jury could reasonably infer that McGovern’s employees had carried water from the kitchen to the dining area, that they had brought soiled tableware to the cart near the kitchen for later washing, and that during such activity, an employee had spilled liquid on the floor. The jury could further infer that it was unlikely that a patron had created the spill. Additional evidence of poor lighting and that only one employee served the large gathering bolstered the inference that the employee was either unable to see a spill on the floor or was too busy to attend to one had he noticed it.[6]
Viewing the evidence in the record before us in the light most favorable to Borges, it cannot be concluded that no rational fact finder could determine that McGovern’s had created the allegedly dangerous condition. Indeed, a fact finder could have found that, even in dim light, Ramos’s frequent travels through the kitchen door afforded him a reasonable opportunity to have detected the offending substance and taken steps to remove it.
We recently reiterated that in close cases, trial judges should consider allowing the jury to reach its verdict rather than directing one, since the court may entertain *102 a Mass. R. Civ. P., Rule 50(b), motion for judgment notwithstanding the verdict, if necessary. Rollins v. Shaws Supermarkets, Inc., 2007 Mass. App. Div. 36 (April 9, 2007). Such an approach helps to avoid the new trial we are compelled to order here. Rather than repeat the discussion in Rollins, we incorporate it by reference.
The judgment entered in favor of the defendant, McGovern’s Family Restaurant, is vacated, the allowance of the defendant’s directed verdict motion is reversed, and the case is returned to the Taunton Division of the District Court Department for a new trial.
So ordered.

 Antonio Borges claimed a loss of consortium as a result of Borges’s physical injuries.

 Because we find that the evidence presented here should have carried the case to the jury under the “traditional approach” to premises liability, and given the fact that the parties obviously neither briefed, nor argued, the “mode of operation” approach articulated by the Supreme Judicial Court a week after oral argument in this case, we do not analyze the effect, if any, of Sheehan v. Roche Bros. Supermarkets, Inc., 448 Mass. 780 (2007) in any retrial of this case.

 There is, however, nothing in the record to establish that the area in question was off-limits to patrons.

 The court’s apparent evaluation of the credibility of the witnesses, suggested by comments that Borges did not place the kitchen in the same area as Ramos’s testimony indicated it was or that there was a discrepancy between Borges’s “puddle” testimony and Drywa’s “droplets” testimony, was inappropriate in deciding a directed verdict motion. See, e.g., Doe, supra at 76; Scott v. Boston Hous. Auth., 56 Mass. App. Ct. 287, 294-295 (2002).