According to the plaintiff's complaint, on May 17, 2011, a car driven by defendant Moira C. Murphy (defendant driver) rear-ended the plaintiff's car while it was stopped at a stoplight in the Jamaica Plain section of Boston. Alleging that the collision aggravated a preexisting medical condition and caused her to incur various medical bills, the plaintiff brought a personal injury action against the defendant driver in 2014.[3] On the final scheduled trial date, plaintiff's counsel appeared but his client did not. A Superior Court judge dismissed the case with prejudice "for want of prosecution," even though counsel was prepared to go forward with the trial without his client present. Because we agree with the plaintiff that this was error, we reverse.
Background. Upon filing on May 16, 2014, the plaintiff's action was designated a track F case, meaning that a pretrial conference was to be scheduled within sixteen months. See Superior Court Standing Order 1-88(G)(i)(8). A final pretrial conference in fact was scheduled for December 10, 2015, with a jury trial scheduled for December 14, 2015. Those events were postponed at the request of the plaintiff, but with the defendants' assent. Trial was rescheduled for April 13, 2016, but also was postponed at the request of the plaintiff after her attorneys were allowed to withdraw. Trial was then rescheduled for May 3, 2016, but once again it was postponed at the plaintiff's request (without any opposition from the defendants). As a result, the trial was rescheduled for August 18, 2016, with the parties notified that there would be "no further continuances."
Nevertheless, on July 29, 2016, the plaintiff filed an "emergency motion to continue" the scheduled trial based on the fact that the plaintiff's daughter was due to give birth on or about the scheduled trial date, and the plaintiff wanted to attend that event to assist her daughter. That motion was denied on the day it was filed. The judge explained that the plaintiff had already requested multiple continuances and that the parties had been notified that there would be no further continuances. The judge also expressly relied on her observation that "a 9[:00 A.M. ]-1[:00 P.M. ] trial schedule over a two-day trial does not necessarily mean that the [plaintiff] will miss the birth of her grandchild."
The plaintiff filed her pretrial memorandum on August 12, 2016, and the final trial conference was held on August 16, 2016, two days before the scheduled trial. According to an affidavit submitted by plaintiff's counsel, the subject of the plaintiff's potential absence from part of the trial was discussed at the final trial conference, which was presided over by the same judge who had denied the emergency motion to continue and who eventually dismissed the complaint.[4] Plaintiff's counsel avers that he pointed out that his client might be absent from part of the anticipated two-day trial because of the upcoming birth of her grandchild, and asked whether he could inform the jury why she was not present. Plaintiff's counsel states that the judge "agreed that if the plaintiff [were] not present, [the judge] would inform the jury that the plaintiff was not present 'for good cause.' "
On August 18, 2016, the scheduled trial date, plaintiff's counsel brought to the judge's attention that his client had reported to him the night before that her daughter had indeed gone into labor in Vermont and that the plaintiff intended to be there with her. According to the plaintiff's representations, although her daughter had planned to have the baby at home through natural childbirth, complications arose that required the daughter to be admitted to one hospital and then transferred to another hospital. With his client in Vermont to attend to her daughter, counsel filed on her behalf a "renewed emergency motion to continue trial" seeking a continuation of the trial to the following week. The motion was accompanied by a letter from a doctor stating that the daughter had been admitted to the University of Vermont Medical Center on August 17, 2016, that she faced a "high risk pregnancy," and that she "likely will deliver in the next [forty-eight hours]."
The judge denied the plaintiff's motion, explaining her decision both from the bench and later in a written memorandum of decision. She indicated that she doubted the truth of the plaintiff's claims about the timing of her daughter's pregnancy, and she noted that those claims were not supported by affidavit. She also reasoned that, in any event, "the plaintiff's presence at her grandchild's birth [was] desirable but not necessary." In light of the fact that the "emergency motion to continue" had previously been denied, the judge characterized the plaintiff's decision not to attend the opening of the trial as "flout[ing]" the judge's previous order and as "contumacious." The judge did not address any discussions that occurred at the final trial conference just two days earlier about the plaintiff potentially missing part of the contemplated two-day trial because of the anticipated birth of her grandchild.
Critically, in ruling on the plaintiff's motion, the judge did not merely deny the request for a further continuance. In addition, the judge sua sponte dismissed the plaintiff's complaint with prejudice, even though plaintiff's counsel was prepared to go forward with the trial without his client present, and he was even prepared, if need be, to conclude the trial without his client ever testifying. The dismissal turned on the judge's subsidiary conclusion that the plaintiff's testimony was necessary to prove her case. Specifically, she stated that "[t]he plaintiff would be a necessary witness at her own trial at least for the purpose of identifying herself as the operator of one of the motor vehicles involved in the subject accident." The judge further reasoned that if the trial went forward on the scheduled start date, without the plaintiff, there likely was not enough to fill up that one-half day.[5] She also stated that if she held the trial open for the plaintiff to come the following day, this would have caused "a premature suspension of the trial [that day] and inconvenience to the jurors." Moreover, based in part on the plaintiff's blemished litigation track record that the judge gleaned from other dockets, the judge expressed her doubt that the plaintiff in fact would show up the following day. As the judge put it, she "could not credit plaintiff's counsel's assurances that his client would show up for trial [on the following day]."[6] If the plaintiff did not show up, the judge apparently believed she would then have to direct a verdict against the plaintiff. Concerned about wasting the jury's time and court resources, the judge decided preemptively to dismiss the case.
The following week, the plaintiff filed a motion for reconsideration, which was supported by counsel's affidavit documenting the course of events. The defendants filed an opposition, and the judge summarily denied the motion "essentially for the reasons set forth in the opposition." The judge added that she "stands by [her] determination that the sanction of dismissal was warranted by the plaintiff's dilatory conduct and unreasonable requests." This appeal ensued.
Discussion. The appeal before us is a narrow one. The plaintiff does not challenge the denial of her last-minute request for a continuance. Indeed, without abandoning her position that the judge should have allowed a brief additional continuance in the circumstances presented, the plaintiff acknowledges that the judge likely acted within her considerable discretion in declining to do so. In addition, the plaintiff acknowledged at oral argument that if the trial had gone forward as scheduled and ended well before 1:00 P.M. that day, the judge would have been within her rights to bring the trial to conclusion at that point and to issue a directed verdict if the plaintiff had failed to produce sufficient proof to send the case to the jury.
What the plaintiff does challenge is the judge's refusal to give her a chance to prove her case with the evidence available to her. Although the judge stated that she was dismissing the plaintiff's case for failure to prosecute, what she effectively did was to issue a directed verdict against the plaintiff without hearing her available evidence. We agree with the plaintiff that this was improper under the facts of this case.[7]
To be sure, the judge's impatience with the plaintiff's absence is understandable. However, there was no court order or rule of law that required that the plaintiff herself attend the trial.[8] As the plaintiff points out, it is not even particularly unusual for the alleged injured party on whose behalf a tort action has been brought to be absent from a trial (with wrongful death actions being the most obvious example).
Of course, a plaintiff's testimony might in particular circumstances be necessary to prove her case. Thus, as a matter of proof, a plaintiff's absence might doom her case even if her presence is not legally required. The judge's on-the-fly assessment that the plaintiff could not prove her case without her own testimony is the fulcrum on which the judge's dismissal order ultimately turns.
Whether a plaintiff's available proof is sufficient to send a case to a jury generally presents nuanced questions properly addressed in a considered fashion on an appropriate and complete record. Prior to trial, the summary judgment process presents a means for addressing such questions. Mass.R.Civ.P. 56, 365 Mass. 824 (1974). Once a case has proceeded beyond that point and is set for trial, there are still some situations where a plaintiff's anticipated inability to prove her case is so obvious that a trial judge remains free to direct a verdict against her without even hearing her available proof. But the case law indicates that such cases should be rare exceptions. Thus, for example, appellate courts long strongly have cautioned trial judges against issuing directed verdicts after hearing only a plaintiff's opening. See Douglas v. Whittaker, 324 Mass. 398, 399-400 (1949) ("[T]he power to dispose of the case on the opening must be exercised cautiously[, and i]t should not be exercised until it is apparent that the plaintiff cannot supply the evidence necessary to establish [her] case"). Accord Pitts v. Wingate at Brighton, Inc., 82 Mass. App. Ct. 285, 286 (2012). Such cautions obviously are even more appropriate as to issuing directed verdicts without even allowing a plaintiff to present an opening statement.
Turning back to the particulars of the case before us, we conclude that it was far from obvious that the plaintiff would be unable to prove a case against the defendants without the plaintiff's own testimony. Counsel explained how he believed he could prove liability through his examination of the defendant driver, and could demonstrate damages through medical records provided pursuant to G. L. c. 233, § 79G. Of course, as plaintiff's counsel recognized, trying to prove the case in this manner was hardly ideal and may not ultimately have been effective in securing a favorable jury verdict. However, at the point the judge dismissed the case, the plaintiff had at least a plausible argument that she could put together a legally sufficient case for the jury's consideration even without her own testimony. For example, with regard to the one issue on which the judge focused in deeming the plaintiff's presence essential-proof that the plaintiff in fact was the occupant of the car that the defendant driver struck-it may be that plaintiff's counsel could have elicited such proof from his examination of the defendant driver.[9] As the plaintiff put it in her brief, "[i]t was not for the court to predetermine ... what information [plaintiff's counsel] would be able to extract from [the defendant driver] during her testimony."
In closing, we emphasize our reluctance to interfere with a trial judge's management of her busy trial docket. However, "[c]alendar clearance cannot be pursued in ways that undercut the very purpose for which courts exist, to try cases on their merits and render justice in accordance with the substantial rights of parties ready for trial." Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 472 (1991). Here, the judge effectively resolved the plaintiff's case on the merits as a matter of law without a formal record or a developed sense of what the evidence would show.[10] We conclude that the judge's premature dismissal of the case was error, and we therefore reverse the judgment and remand this case for trial.
So ordered.
Reversed and remanded.

The plaintiff also joined Ryan Murphy as the alleged owner of the car.

The affidavit was submitted by the plaintiff in support of the motion to reconsider filed by plaintiff's counsel after the judge dismissed the complaint. At oral argument, we asked whether the final trial conference was recorded and, if so, why we were not provided a transcript. Plaintiff's counsel responded that he did not know whether the conference was recorded. We note that defense counsel did not file a counteraffidavit or otherwise question the averments that were made regarding the discussions at the pretrial conference. Nor did the judge question the accuracy of counsel's averments about what transpired during the final trial conference in her eventual ruling on the motion for reconsideration.

According to plaintiff's counsel's affidavit, it was 10:15 a.m. at the point the judge dismissed the case, and it is uncontested that the trial session was scheduled to conclude that day at 1:00 p.m. The only witness that plaintiff's counsel intended to call that day was the defendant driver. The judge concluded that the defendant driver would be "a presumably very brief witness," something that the plaintiff conceded during the oral argument before us. As the plaintiff points out, however, there were four pending motions filed by the defendants that still needed to be resolved, jury selection, opening statements, and wrangling over medical records that plaintiff's counsel intended to submit in order to prove damages. Nevertheless, for purposes of this appeal, we assume that the judge was correct that had the trial gone forward, the first day's proceedings may have ended prior to 1:00 p.m.

During the hearing, the judge initially expressed an openness to going forward with the trial and then holding it open for the plaintiff to attend the following day. She asked counsel to pass along to his client that his client would be sanctioned personally if she did not show up. Counsel reported back that his client understood that she would be sanctioned if she did not arrive the following day and that she had assured him she would be there. However, while counsel was tracking down his client, the judge unsuccessfully sought to reach the plaintiff's daughter's doctor, and researched the dockets of other cases in which the plaintiff had been involved. When the hearing renewed, the judge announced that she had a change of heart and intended to dismiss the case based on the plaintiff's absence.

Whether a directed verdict was properly granted is a question of law. Hubert v. Melrose-Wakefield Hosp. Assn., 40 Mass. App. Ct. 172, 176 (1996). We therefore disagree with the plaintiff's position that our review is limited to whether the judge committed an abuse of discretion. In any event, we would conclude that the judge did abuse her discretion if that standard were to apply.

Accordingly, the judge's labeling the plaintiff's decision to stay in Vermont as "contumacious" is not accurate (putting aside whether the judge had blessed the plaintiff's missing part of the trial during the final trial conference).

The plaintiff included in the record appendix the defendants' interrogatory answers in which the defendant driver appears to have made a binding admission that the plaintiff was the occupant of the car that she struck. However, it does not appear that these interrogatory answers were provided to the judge, and therefore they are not properly part of the record on appeal. Even though the defendants never moved to strike these from the record appendix, we do not rely on them.

We emphasize that we are not saying that the judge's assessment that the plaintiff would be unable to prove her case without testifying necessarily was incorrect. Rather, the point is that the judge was not yet in a position to draw such a conclusion.