NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-951

NADEGE SIMON

vs.

LAUNDROMAX-104 WARREN ST., LLC & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After suffering an injury to her hand, Nadege Simon (plaintiff) brought claims in the Superior Court against defendant Laundromax-104 Warren St., LLC (Laundromax) for negligence, breach of warranty, and violation of G. L. c. 93A, §§ 2 and 9 (93A claims).  At trial, the judge allowed Laundromax's motions for directed verdicts on the plaintiff's breach of warranty and 93A claims.[2]  The plaintiff appeals from

_____

[1] Alliance Laundry Systems LLC (Alliance) and Commercial Laundry Solutions, Inc. (Commercial).  Commercial did not appear in this appeal, and neither that entity nor Alliance filed a brief or otherwise participated in this appeal.  So much of the final judgment as concerned the plaintiff's claims against those entities are not part of this appeal.

[2] As we note below, Simon's negligence claims were submitted to the jury.

so much of the final judgment as concerned those claims.  We affirm.

Background.  We summarize the trial evidence in the light most favorable to the plaintiff, see Forlano v. Hughes, 393 Mass. 502, 504 (1984), reserving certain details for later discussion.  Laundromax owned and operated a laundromat in Roxbury.  In 2015, the plaintiff paid to wash her clothing in the laundromat's washing machines.  Shortly after activating a washing machine, the plaintiff realized that she had forgotten her cellphone in her coat pocket, so she "ran to the [machine]" and "opened the door without thinking."  The washing machine was in an "aggressive spin cycle" and did not stop when the door opened.  The plaintiff reached into the machine with her hand, and her finger become entangled in the spinning clothes.  As a result, she sustained a serious injury to the top portion of her left middle finger.

As relevant here, the plaintiff alleged negligence, breach of the implied warranty of merchantability, and unfair and deceptive business practices in violation of G. L. c. 93A against Laundromax.  As grounds, she asserted that the defendant provided a defective and dangerous washing machine that did not have an effective "interlock device" to prevent the door from opening while the machine was running.

2

In September 2022, the action was tried before a jury. At the close of the plaintiff's case, the judge granted Laundromax's motions for directed verdict on the plaintiff's breach of warranty and 93A claims. In doing so, the judge reasoned that (1) the plaintiff had not acquired a possessory interest in the washing machine on which she sustained her injury, and so could not prove a breach of warranty owed to her by Laundromax; and (2) the 93A claims failed in the absence of a breach of warranty. On the remaining negligence claim, the jury found Laundromax negligent, but attributed forty-five percent comparative negligence to the plaintiff. The plaintiff now appeals from so much of the judgment as flowed from the directed verdicts.

Discussion. 1. Standard of review. "Whether [a] judge properly directed a verdict is a question of law." Hubert v. Melrose-Wakefield Hosp. Ass'n, 40 Mass. App. Ct. 172, 176 (1996). On appeal of a directed verdict, we "examine the evidence in the light most favorable to the plaintiff," to determine "whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.'" Forlano, 393 Mass. at 504, quoting Poirier v. Plymouth, 374 Mass. 206, 212 (1978).

2.  Breach of warranty.  We are not persuaded by the plaintiff's contention that her payment for the exclusive use of the washing machine created a commercial transaction sufficient to include an implied warranty of merchantability.  "[I]n Massachusetts, under G. L. c. 106, § 2-314, a warranty of merchantability is implied in present sales of goods and in contracts for . . . future sale[s] of goods, and, as a result of judicial extension of warranty liability sanctioned by the Legislature, § 2-318, a warranty of merchantability is implied in leases of goods."  Mason v. General Motors Corp., 397 Mass. 183, 189 (1986).  Here, the plaintiff does not contend, nor could she maintain, that her use of the washing machine constituted a sale of goods or a contract for the sale of goods. See G. L. c. 106, § 2-106.  Instead, she argues that the transaction constituted a lease or bailment.

The plaintiff's use of the washing machine was not a lease. A lease involves the "transfer of the right to possession and use of goods for a term in return for consideration . . . ." G. L. c. 106, § 2A-103 (j).  Here, the plaintiff paid a fee to use the machine, but the judge correctly found that no possessory interest was transferred to the plaintiff upon such payment.  There was no evidence at trial to show that the plaintiff assumed any responsibility for the maintenance of the washing machine; that the plaintiff had any right to move,

4

tamper with, or destroy the machine; or that Laundromax could not have limited the plaintiff's choice among the available machines at its facility. The transaction at issue is better understood as a bailment or license to use, see Marques v. Bellofram Corp., 28 Mass. App. Ct. 277, 281 (1990) (transaction "amount[ed] to a bailment or something on that order" because the defendant "retained ownership of the [product] and lent it to [the plaintiff]"), neither of which support the imposition of an implied warranty of merchantability. See Mason, 397 Mass. at 190.

We are not persuaded by the plaintiff's argument that we should extend warranty liability to bailments by adopting Restatement (Third) of Torts: Products Liability § 20, specifically comment f.[3] The Supreme Judicial Court has already concluded that there is nothing in the statutory language of G. L. c. 106, §§ 2-314 or 2-318 "that reasonably may be

---

[3] Comment f states that "[e]ven when a sale of a product is not contemplated, the commercial bailor is subject to strict liability if a charge is imposed as a condition of the bailment." Restatement (Third) of Torts: Products Liability § 20 comment f (1997). Citing to Garcia v. Halsett, 3 Cal. App. 3d 319 (1970), the reporters' note to comment f states, "[t]hus, a laundromat is subject to strict liability for a defective clothes dryer." Restatement (Third) of Torts: Products Liability § 20 reporter's note to comment f (1997). Our reading of Garcia suggests that the reporter's reliance on that case is misplaced; the Court of Appeal concluded that the user of a coin-operated washing machine "merely had a license and cannot be considered a bailee of the machines." Garcia, supra at 422.

construed as either creating or sanctioning the judicial creation of a warranty in connection with a bailment." Mason, 397 Mass. at 189. In coming to this conclusion, the Court recognized that it had made statements in the past about warranty liability in Massachusetts being "as comprehensive as that provided by § 402A of the Restatement [(Second) of Torts (1965)]" (citation omitted), but specifically noted that these statements applied only to "contracts of sale and leases" and not to bailments. Mason, supra, at 189-190. Applying the same reasoning, we decline to adopt Restatement (Third) of Torts: Products Liability § 20 comment f (1997) to create an implied warranty of merchantability for bailments.

Thus, the judge did not err in directing a verdict in Laundromax's favor on the breach of warranty claim based on the plaintiff's failure to establish that she had a possessory interest in the washing machine.

3. Unfair and deceptive business practices. Next, the plaintiff argues that the judge improperly directed a verdict on her 93A claim against Laundromax because (1) her breach of warranty claim conclusively established a violation of c. 93A, § 2, see 940 Code Mass. Regs. § 3.08(2) (1993) ("[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty"); and (2) even without the warranty claim, the jury's finding of

6

negligence alone was enough in the circumstances of this case to prove a 93A violation.  We disagree.[4]

First, as discussed supra, the judge properly directed a verdict on the breach of warranty claim, so a 93A violation cannot be proved on that ground.  See Nemirovsky v. Daikin North America, LLC, 488 Mass. 712, 726 (2021) ("Because the breach of warranty claim fails . . . that claim cannot support a G. L. c. 93A violation").  Second, even characterized in the light most favorable to the plaintiff, the evidence did not support a finding that the defendant's negligence amounted to an "unfair or deceptive act" under G. L. c. 93A, § 2.  See Patterson v. Christ Church in the City of Boston, 85 Mass. App. Ct. 157, 164 (2014).  It is well established that a "negligent act standing by itself does not give rise to a claim under c. 93A (citation omitted.)  There must, in addition, be evidence that the negligence was or resulted in an unfair or deceptive act or practice."  Id. at 163-164.  See Darviris v. Petros, 442 Mass. 274, 278 (2004) ("a violation of G. L. c. 93A requires, at the very least, more than a finding of mere negligence"); Poly v. Moylan, 423 Mass. 141, 151 (1996), cert. denied, 519 U.S. 1114 (1997) (affirming judge's conclusion that defendant did not

_____

[4] While we consider it a close question, we are not persuaded that the plaintiff waived any argument that her 93A claim could succeed absent support for her breach of warranty claim, as Laundromax argues in its brief.

violate 93A where, "although [he] was negligent, he did not engage in conduct involving dishonesty, fraud, deceit or misrepresentation").

Here, although the jury found that Laundromax had been negligent, no view of the evidence would support a finding that this negligence amounted to "immoral, unethical, oppressive, or unscrupulous" behavior. See H1 Lincoln, Inc. v. South Washington Street, LLC, 489 Mass. 1, 14 (2022), quoting PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975). There is no evidence to suggest that the defendant was aware of the defective lock mechanism on the particular washing machine, see O'Connor v. Merrimack Mut. Fire Ins. Co., 73 Mass. App. Ct. 205, 217 (2008), or, to the extent that the defendant should have been aware of the problem, that it intentionally blinded itself to a defect or otherwise intended to mislead or defraud the plaintiff. See Poly, 423 Mass. at 151. Cf. Glickman v. Brown, 21 Mass. App. Ct. 229, 235 (1985) ("negligent misrepresentation of fact the truth of which is reasonably capable of ascertainment is an unfair and deceptive act or practice within the meaning of c. 93A, § 2 [a]"); Lowell Gas Co. v. Attorney Gen., 377 Mass. 37, 51 (1979) ("a practice is 'deceptive' if it could reasonably be found to have caused a

8

person to act differently from the way he otherwise would have acted" [quotation omitted]).[5]

Where the plaintiff failed to survive a motion under Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974) on her breach of warranty claim against Laundromax and likewise failed to present "'evidence . . . from which a reasonable inference could be drawn in favor of the plaintiff,'" Forlano, 393 Mass. at 504, quoting Poirier, 374 Mass. at 212, to support her 93A claims,

_____

[5] The plaintiff's reliance on American Shooting Sports Council, Inc. v. Attorney Gen., 429 Mass. 871, 877-878 (1999), is misplaced. In that case, the Supreme Judicial Court concluded that the sale of a product will constitute an unfair or deceptive act "[i]f, during ordinary use in keeping with directions, the product performs in a deviantly unsafe or unexpected way," especially when the danger "cannot be detected by the average user or cannot be avoided by adequate disclosures or warnings." Id. at 877. Where, as here, there was no sale, and the danger of putting one's hand inside of a washing machine during a spin cycle was obvious, there was no unfair or deceptive act.

the judge properly directed verdicts in favor of Laundromax on those claims.

So much of the final judgment entered May 10, 2023, as concerned the plaintiff's claims against Laundromax are affirmed.

By the Court (Desmond, Hand & Grant, JJ.[6]),

Clerk

Entered:   September 12, 2024.

---

[6] The panelists are listed in order of seniority.